IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGY PRODUCTS LLC, d/b/a ATP Automotive, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LUBRICANTS, INC., d/b/a Lubegard, a Washington corporation,<br><br>Defendant. | Civil Action No.: _____<br><br>**COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK AND TRADE DRESS DILUTION, DECEPTIVE TRADE PRACTICES**<br><br>**DEMAND FOR A JURY TRIAL** |

For its Complaint against International Lubricants, Inc., d/b/a Lubegard, ("Lubegard" or "Defendant"), Plaintiff Automotive Technology Products LLC, d/b/a ATP Automotive, ("ATP" or "Plaintiff"), by counsel, alleges as follows:

## SUMMARY OF COMPLAINT

1. ATP is a well-known and market-leading manufacturer and seller of aftermarket automotive products. One of its most popular and best-selling products is a sealant product sold for almost two decades under the registered and incontestable trademark "AT-205 RE-SEAL®" (the "AT-205 Mark"). The number 205 in the trademark refers to the parts number in ATP's line of products. In October 2014, ATP introduced the following trade dress to showcase its brand and trademark:



(the "AT-205 Trade Dress").

2. On information and belief, in or about March 2018, Lubegard introduced a competing sealant product "SEAL FIXX LG-205" ("LG-205"). In a transparent, blatant and intentional effort to trade on the goodwill and popularity of AT-205, Lubegard misappropriated ATP's trademark and trade dress. Most egregiously, Lubegard adopted the otherwise arbitrary part number "205" and prominently displays the number in two places on the front of its packaging (see below in yellow). On information and belief, Lubegard was well-aware that consumers would rely upon the part number "LG-205" to search for the product on retailers', such as O'Reilly Auto Parts, websites, thus furthering the association between the products. Not only did Lubegard adopt a part number confusingly similar to the AT-205 Mark, Lubegard also copied the distinctive packaging, including the red, black, and shaded-gray color scheme, slanted banner, and list of uses to "stop[] leaks" below the banner:

2



3. The LG-205 product depicted above uses substantially identical imitations of the AT-205 Mark and Trade Dress in a manner that is likely to cause consumer confusion and deceive the public regarding its source, sponsorship, or affiliation. Lubegard's actions are irreparably harming ATP's interest in the AT-205 Mark and Trade Dress.

4. On information and belief, Lubegard intentionally copied the AT-205 Mark and Trade Dress in attempt to profit from its success. Indeed, Lubegard was well aware of the success of AT-205 because pursuant to a non-disclosure agreement dated April 2017, Lubegard gained access to ATP's confidential information regarding the sales and profitability of AT-205. On information and belief, just a few months after learning this confidential information, Lubegard planned to a launch LG-205 to compete with AT-205.

5. This is an action at law and in equity for trademark and trade dress infringement and dilution, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states;

and the common law. Among other relief, ATP asks this Court to: (a) preliminarily and permanently enjoin Lubegard from marketing or selling products using or bearing confusingly similar imitations of the AT-205 Mark and Trade Dress; (b) award ATP monetary damages and to treble that award; (c) require Lubegard to disgorge all of its profits from its sales of the LG-205; and (d) award Lubegard punitive damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over ATP's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

7. This Court has personal jurisdiction over Lubegard because Lubegard has committed acts of trademark and trade dress infringement, trademark and trade dress dilution, unfair competition, and deceptive practices in the state of Illinois.

8. The Northern District of Illinois is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because Lubegard sells the infringing product in more than a dozen retail locations within this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

## THE PARTIES

9. ATP is a limited liability company organized under the laws of Delaware with its principal place of business at 1300 Kirk Street, Elk Grove Village, Illinois 60007.

10. On information and belief, Lubegard is a corporation organized under the laws of Washington with its principal place of business at 7930 Occidental Street, Seattle, Washington 98108.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

11. Since 1955, ATP has sold and manufactured aftermarket automotive products. AT-205 is a fast, effective and safe stop-leak for all rubber seals and gaskets. The exclusive formulation restores worn or dried out seals and is not harmful to internal bearings and components. It stops leaks in engines, transmissions, power steering, differential, and hydraulic

systems.

## ATP'S INTELLECTUAL PROPERTY

12.     Since at least 1998, ATP has sold AT-205 under the registered trademark AT-205 RE-SEAL®, Reg. No. 2309259.  Registered almost two decades ago, on January 18, 2000, this incontestable trademark confirms ATP's ownership of and exclusive right to use the AT-205 mark, establishes the validity of the mark, and serves to notify competitors, such as Lubegard, of these exclusive rights.

13.     Since 2014, ATP has not only used the specific registered mark AT-205, but has also used the following distinctive packaging:



14.     ATP has protectable trade dress in the overall appearance of the AT-205 packaging.  As displayed above, the AT-205 Trade Dress features a distinctive appearance, including, but not limited to:  (1) the red, black, and gray-shaded color scheme; (2) the slanted banner appearing in a different color across the front of the packaging; and (3) the list of uses for

5

stopping leaks appearing on the front of the packaging. As a result of ATP's extensive use and promotion of its AT-205 Trade Dress, ATP has built up and now owns valuable goodwill that is symbolized by the Trade Dress. Consumers have come to associate this distinct overall appearance with the ATP brand and the AT-205 product. As a result, AT-205 Trade Dress is distinctive and has achieved significant secondary meaning.

15. The overall look and design of the AT-205 Trade Dress is arbitrary and inherently distinctive. The combination of elements comprising the AT-205 Trade Dress is nonfunctional, in that it is not essential to the use or purpose of the packaging or the product, it does not reduce the cost or improve the performance of the packaging or the product, and its use by ATP does not put competitors at any significant non-reputation-related disadvantage. Indeed, competitors, such as Lubegard, have available a multitude of alternative packaging designs it could use; the only reason to mimic the AT-205 Trade Dress is to attempt to trade off its tremendous goodwill and siphon away sales from ATP.

16. Over the past four years, ATP has invested substantial amounts of money, time, and effort promoting the AT-205 Trade Dress. This includes publishing the AT-205 trade dress in over a dozen prominent trade publications, an extensive social media campaign, and widespread distribution of marketing materials by sales representatives to stores and repair centers. As a result of this investment, consumers in the market for automotive re-sealant products have come to exclusively associate AT-205 with its Trade Dress.

## LUBEGARD'S WRONGFUL CONDUCT

17. At one point, Lubegard considered purchasing certain assets of ATP. As part of the due diligence process, in or around April 2017, Lubegard entered into a confidentiality agreement with ATP. Pursuant to the terms of that agreement, ATP provided "Evaluation Material," which included confidential information about the sales and profitability of ATP's products, including AT-205. Pursuant to the confidentiality agreement, Lubegard represented and warranted that it was "not interested in using the Evaluation Material for any competitive advantage, improper interference with contractual obligations, or inappropriate or illegal use or

purpose."

18. After receiving confidential information from ATP regarding AT-205, in or around March 2018, Lubegard first began selling product LG-205 and marketing it as a sealant to stop leaks in automotive parts.

19. Lubegard's LG-205 product directly competes with AT-205 as the same type of product, intended for the same consumer use, and sold in the same nationwide distribution channels, including brick-and-mortar aftermarket automotive part retailers and internet retailers such as Amazon.com. Indeed, on the Amazon page for AT-205, LG-205 appears as a related "sponsored product[]." (*See* Exhibit 1, a true and correct copy of ATP AT-205 product Amazon page, accessed on June 14, 2018).

20. As a new entrant to the market, Lubegard has blatantly and intentionally adopted the entirely arbitrary 205 part number and mimicked the packaging of AT-205 as demonstrated by the below side-by-side comparison:



Not only are the fronts of the product packages strikingly similar, Lubegard also copied ATP's package design for the sides featuring a chrome-like border separating a red banner across the top of the packaging from black background with white text:




21. On information and belief, Lubegard was aware of the AT-205 Mark and Trade Dress when it adopted the LG-205 part number and designed its packaging. The "205" used in the AT-205 Mark has no meaning outside of ATP's product line. On information and belief, the only reason Lubegard would adopt such a confusingly similar product name for LG-205 is to deceive consumers about the LG-205 product's affiliation, connection, or association with ATP's well-known AT-205 product.

22. As shown above, the LG-205 packaging bears a striking and unmistakable resemblance to the AT-205 Trade Dress. On information and belief, the only reason Lubegard would adopt such a confusingly similar packaging for LG-205 is to deceive consumers about the

8

LG-205 product's affiliation, connection, or association with ATP's well-known AT-205 product.

23. On information and belief, Lubegard knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar product part number and packaging to imitate the AT-205 Mark and Trade Dress.

24. Lubegard's misappropriation of the AT-205 Mark and Trade Dress is likely to deceive, confuse, and mislead actual and prospective customers before, during, and after purchase into believing that the LG-205 product is or has an affiliation with the widely-used and well-known AT-205.

25. Lubegard's misappropriation of the AT-205 Mark and Trade Dress is likely to cause dilution of the distinctive quality of the AT-205 Mark and Trade Dress.

26. On information and belief, Lubegard has earned profits as a result of selling the LG-205 product, which infringes upon and dilutes the AT-205 Mark and Trade Dress.

27. Lubegard's sales of, marketing of, and continued offering for sale of the infringing LG-205 product has caused and will continue to cause damage to the goodwill associated with and market share of AT-205.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT)

28. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

29. Lubegard's use of confusingly similar imitations of the AT-205 Mark and Trade Dress is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Lubegard's LG-205 product is manufactured or distributed by ATP, or is associated or connected with ATP and/or AT-205, or have the sponsorship, endorsement, or approval of ATP.

30. Lubegard has used a part number and packaging confusingly similar to the AT-205 Mark and Trade Dress in violation of 15 U.S.C. §§ 1114 and 1125(a). Lubegard's activities

have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to ATP's goodwill and reputation as symbolized by the AT-205 Mark and Trade Dress, for which ATP has no adequate remedy at law.

31. Lubegard's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the AT-205 Mark and Trade Dress to ATP's great and irreparable harm.

32. Lubegard has caused and is likely to continue causing substantial injury to the public and to ATP, and ATP is entitled to injunctive relief and to recover Lubegard's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
## (FEDERAL UNFAIR COMPETITION)

33. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

34. Lubegard's use of confusingly similar imitations of the AT-205 Mark and Trade Dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Lubegard's goods are manufactured or distributed by ATP, or are affiliated, connected, or associated with ATP, or have the sponsorship, endorsement, or approval of ATP.

35. Lubegard has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Lubegard's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to ATP's goodwill and reputation as symbolized by the AT-205 Mark and Trade Dress, for which ATP has no adequate remedy at law.

36. Lubegard's actions demonstrate an intentional, willful and malicious intent to

trade on the goodwill associated with the AT-205 Mark and Trade Dress to the great and irreparable injury of ATP.

37. Lubegard's conduct has caused, and is likely to continue causing, substantial injury to the public and to ATP. ATP is entitled to injunctive relief and to recover Lubegard's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
## (TRADEMARK AND TRADE DRESS DILUTION)

38. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

39. For almost two decades, ATP has exclusively and continuously promoted and used the AT-205 Mark and Trade Dress throughout the United States. The AT-205 Mark and Trade Dress are well-known symbols of ATP and its products well before Lubegard offered for sale the LG-205.

40. Lubegard is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of the AT-205 Mark and Trade Dress by eroding the public's exclusive identification of the AT-205 Mark Trade Dress with ATP, tarnishing and degrading the positive associations of the AT-205 Mark Trade Dress with ATP, and otherwise lessening the capacity of the marks to identify and distinguish ATP's goods and the AT-205 product.

41. Lubegard's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the AT-205 Mark and Trade Dress or to cause dilution of the AT-205 Mark and Trade Dress to the great and irreparable injury of ATP.

42. Lubegard has caused and will continue to cause irreparable injury to ATP's goodwill and business reputation, and dilution of the distinctiveness and value of ATP's well-known and distinctive AT-205 Mark and Trade Dress in violation of 15 U.S.C. § 1125(c). ATP therefore is entitled to injunctive relief and to Lubegard's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF

## (STATE TRADEMARK DILUTION)

43. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

44. ATP has extensively and continuously promoted and used the registered AT-205 Mark both in the United States, and the mark had thereby become a distinctive, famous, and well-known symbol of ATP's goods and services well before Lubegard manufactured, distributed, marketed, promoted, offered for sale, or sold the LG-205. The AT-205 Mark is widely recognized by the relevant consuming public as a designation that ATP is the source of the goods bearing the AT-205 Mark.

45. Lubegard's unauthorized imitations of AT-205 dilute, and are likely to continue to dilute, the distinctiveness of the mark by eroding the public's exclusive identification of this well-known mark with ATP, and tarnishing and degrading the positive associations of the AT-205 Mark, and otherwise lessening the capacity of the mark to identify and distinguish ATP's goods and services.

46. Lubegard is causing and will continue to cause irreparable injury to ATP's goodwill and business reputation, and dilution of the distinctiveness and value of ATP's AT-205 Mark in violation of the Illinois anti-dilution statute, Illinois, 765 ILCS 1036/65, as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180; Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01; Arkansas, ARK. CODE ANN. § 4-71-213; California, CAL. BUS. & PROF. CODE § 14247; Connecticut, CONN. GEN. STAT. ANN § 35-11i(c); Delaware, DEL. CODE ANN. tit. 6, § 3313; Florida, FLA. STAT. ANN. § 495.151; Georgia, GA. CODE ANN. § 10-1-451; Hawaii, HAW. REV. STAT. ANN. § 482-32; Idaho, IDAHO CODE § 48-513; Iowa, IOWA CODE ANN. § 548.113; Indiana, IN. CODE 24-2-13.5; Kansas, KAN. STAT. ANN. § 81-214; Louisiana, LA. REV. STAT. ANN. § 51:223.1; Maine, ME. REV. STAT. ANN. tit. 10, § 1530; Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13; Minnesota, MINN. STAT. ANN. §

333.285; Mississippi, MISS. CODE. ANN. § 75-25-25; Missouri, MO. ANN. STAT. § 417.061(1); Montana, MONT. CODE ANN. § 30-13-334; Nebraska, NEB. REV. STAT. ANN. § 87-140; Nevada, NEV. REV. STAT. 600.435; New Hampshire, N.H. REV. STAT. ANN. § 350-A:12; New Jersey, N.J. STAT. ANN. 56:3-13.20; New Mexico, N.M. STAT. ANN. § 57-3B-15; New York, N.Y. GEN. BUS. Law § 360-1; Oregon, O.R.S. § 647.107 (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124; Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165; Tennessee, TENN. CODE ANN. § 47-25-513; Texas, TEX. BUS. & COM. CODE ANN. § 16.001; Utah, UT. CODE ANN. § 70-3a-403; Washington, WASH. REV. CODE ANN. § 19.77.160; West Virginia, W.V. STAT. ANN. 47-2-13; and Wyoming, WYO. STAT. ANN. § 40-1-115. ATP, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
## (UNFAIR AND DECEPTIVE TRADE PRACTICES)

47. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

48. Lubegard has been and is passing off its goods as those of ATP, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Lubegard's goods, causing a likelihood of confusion as to Lubegard's affiliation, connection, or association with ATP and/or the AT-205 product, and otherwise damaging the public.

49. Lubegard's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 to 510/7, as well as the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq*.; Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115; Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536; Georgia, GA. CODE ANN. §§ 10-1-390 to 10-1-408; Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5; Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216; Minnesota, MINN. STAT.

ANN. § 325D.43 to .48; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306; New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22; New York, N.Y. GEN. BUS. Law § 349; Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55.

50. Lubegard's unauthorized use of confusingly similar imitations of the AT-205 Mark and Trade Dress has caused and is likely to cause substantial injury to the public and to ATP. ATP, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

51. ATP repeats and incorporates by reference the allegations in the preceding paragraphs.

52. Lubegard's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of ATP. ATP has no adequate remedy at law for this injury.

53. On information and belief, Lubegard acted with full knowledge of ATP's use of, and statutory and common law rights to the AT-205 Mark and Trade Dress and without regard to the likelihood of confusion of the public created by Lubegard's activities.

54. Lubegard's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the AT-205 Mark and Trade Dress to the great and irreparable injury of ATP.

55. As a result of Lubegard's acts, ATP has been damaged in an amount not yet determined or ascertainable. At a minimum, however, ATP is entitled to injunctive relief, to an accounting of Lubegard's profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the AT-205 Mark and Trade

Dress, and the need to deter Lubegard from engaging in similar conduct in the future, ATP additionally is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, ATP respectfully demands judgment against Lubegard as follows:

1. That it be declared that Lubegard's use of mark and packaging confusing similar to the AT-205 Mark and Trade Dress constitutes infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

2. That it be declared that Lubegard's use of mark and packaging confusing similar to the AT-205 Mark and Trade Dress constitutes unfair competition with ATP under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A);

3. That it be declared that Lubegard's use of mark and packaging confusing similar to the AT-205 Mark and Trade Dress constitutes unlawful and deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510 and the other state statutes cited in this Complaint;

4. Lubegard and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Lubegard, or in concert or participation with Lubegard, and each of them, be enjoined both preliminarily and permanently from:

    a. using the AT 205 Mark and/or Trade Dress or any other copy, reproduction, colorable imitation, or simulation of the AT-205 Mark and/or Trade Dress on or in connection with Lubegard's goods;

    b. using any trademark, name, logo, design, or source designation of any kind on or in connection with Lubegard's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by ATP, or are sponsored or authorized by ATP, or are in any way connected or related to ATP;

    c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Lubegard's goods that dilutes or is likely to dilute the

distinctiveness of the AT-205 Mark and Trade Dress;

    d. passing off, palming off, or assisting in passing off or palming off Lubegard's goods as those of ATP, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

    e. advertising, promoting, offering for sale, or selling LG-205 or other similar goods.

  5. Lubegard be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing a confusingly similar imitation of the AT-205 Mark and Trade Dress which are in Lubegard's possession or have been shipped by Lubegard or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Lubegard;

  6. Lubegard be ordered to deliver up for impoundment and for destruction all LG-205 products, packaging, bags, boxes, labels, tags, signs, receptacles, advertising, sample books, promotional materials, stationary, or other materials in the possession, custody or under the control of Lubegard that are found to adopt, infringe, or dilute the AT-205 Mark and Trade Dress, or that otherwise unfairly compete with ATP and its products;

  7. Lubegard be ordered to file with the Court and serve upon ATP's counsel within 30 days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Lubegard complied with the requirements of the Court's order;

  8. Lubegard be compelled to account to ATP for any and all profits derived by Lubegard from the sale or distribution of LG-205;

  9. ATP be awarded all damages caused by the acts forming the basis of this Complaint;

  10. Based on Lubegard's knowing and intentional use of confusingly similar imitations of the AT-205 Mark and Trade Dress, the damages awarded be trebled and the award of Lubegard's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

11. Lubegard be required to pay to ATP the costs and reasonable attorneys' fees incurred by ATP in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

12. Based on Lubegard's willful and deliberate infringement and/or dilution of AT-205 Mark and Trade Dress, and to deter such conduct in the future, ATP be awarded punitive damages;

13. ATP be awarded prejudgment and post-judgment interest on all monetary awards; and

14. ATP have such other and further relief as the Court may deem just.

Dated: July 6, 2018        By:    /s/ Christopher J. Lee

    Christopher J. Lee
    Richard B. Megley, Jr.
    LEE SHEIKH MEGLEY & HAAN
    111 West Jackson Boulevard, Suite 2230
    Chicago, IL 60604
    Telephone: 312.982.0070
    Facsimile: 312.982.0071
    Email: clee@leesheikh.com

    *Of Counsel*:

    Dana J. Finberg (*pending pro hac vice*)
    Sarah Bruno (*pending pro hac vice*)
    Sara T. Schneider (*pending pro hac vice*)
    ARENT FOX, LLP
    55 Second Street, 21st Floor
    San Francisco, CA 94105-3470
    Telephone: 415.757.5500
    Facsimile: 415.757.5501
    Email: dana.finberg@arentfox.com
    Email: sarah.bruno@arentfox.com
    Email: sara.schneider@arentfox.com

    Meghan Largent
    ARENT FOX, LLP
    112 S. Hanley Road, Ste. 200
    Clayton, MO 63105-3418
    Telephone: 314.296.4003
    Facsimile: 314.727.6913
    Email: meghan.largent@arentfox.com

    Attorneys for AUTOMOTIVE TECHNOLOGY PRODUCTS LLC, d/b/a ATP Automotive